UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REGINALD FRANKLIN,<br><br>  Petitioner,<br>v.<br><br>ROBERT LEGRAND, et al.,<br><br>  Respondents. | Case No. 3:13-cv-00613-MMD-WGC<br><br>ORDER |

Before the Court are the first amended petition for writ of habeas corpus (ECF No. 20), respondents' motion to dismiss (ECF No. 36), petitioner's opposition (ECF No. 39), and respondents' reply (ECF No. 42). The Court finds that petitioner has not exhausted his available state-court remedies for some of his grounds for relief, and the Court grants the motion in part.

After a jury trial in state district court, petitioner was convicted of five counts of lewdness with a child under the age of 14. (Exh. 53 (ECF No. 28-2) (second amended information); Exh. 56 (ECF No. 28-6) (judgment of conviction).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Exh. 80 (ECF No. 29-5).)

Petitioner then filed a proper-person post-conviction habeas corpus petition in the state district court. (Exh. 83 (ECF No. 30).) The state district court appointed counsel, who filed a supplement to the petition. (Exh. 99 (ECF No. 32-5).) The state district court denied the petition. (Exh. 106 (ECF No. 32-12).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Exh. 117 (ECF No. 32-23).)

Petitioner then commenced this action. The Court appointed counsel, and the first amended petition followed.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Petitioner has stated in the first amended petition, and respondents agree in their motion, that two grounds are unexhausted. They are:

> 2(D).  Trial counsel was ineffective for failing to object to the admission of prior bad act testimony, which violated Franklin's constitutional rights to a fair trial and due process of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.
>
> 3(B).  Appellate counsel failed to argue that the admission of prior bad act testimony violated Franklin's constitutional rights to a fair trial and due process of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

The Court agrees. Petitioner did not present these claims to the Nevada Supreme Court on appeal from the denial of his post-conviction habeas corpus petition. (*See* Exh. 115 (ECF No. 32-21).)

The Court does not agree with respondents that grounds 2(A) and 2(B) are unexhausted. Ground 2(A) is a claim that trial counsel failed to impeach the victim by asking him to describe identifying marks on petitioner's body. Ground 2(B) is a claim that trial counsel failed to call the victim's stepfather's roommate to further attack the victim's credibility. The Court is not persuaded by respondents' argument that the grounds are not exhausted because petitioner framed those issues to the Nevada Supreme Court as a district-court error in denying the petition without holding an evidentiary hearing. The Nevada Supreme Court has held that when a petitioner alleges specific facts, not belied by the record, that would entitle the petitioner to relief, the district court must hold an evidentiary hearing. *Mann v. State*, 46 P.3d 1228, 1230 (Nev. 2002). Given Nevada's rule of requiring an evidentiary hearing when facts that would require relief are in dispute, petitioner appeared to be correct in framing the issue before the Nevada Supreme Court as an error in denying the petition without an evidentiary hearing, but petitioner still also alleged the underlying facts and law supporting the claims of ineffective assistance of counsel. (*See* Exh. 115, at 10-12 (ECF No. 32-21, at 11-13).) Petitioner presented the issues in grounds 2(A) and 2(B) to the Nevada Supreme Court, and those grounds are exhausted.

The Court does agree with respondents that grounds 2(C) and 3(A) are unexhausted. Ground 2(A) is a claim that trial counsel failed to object to jury instruction number 10.[1] Ground 3(A) is a claim that appellate counsel failed to raise an issue on

///

---

[1] Jury instruction number 10 stated:

> To constitute the crime charged, there must exist a union or joint operation of an act forbidden by law and an intent to do the act.
>
> The intent with which an act is done is shown by the facts and circumstances surrounding the case.
>
> Do no confuse intent with motive. Motive is what prompts a person to act. Intent refers only to the state of mind with which the act is done.
>
> Motive is not an element of the crime charged and the State is not required to prove a motive on the part of the Defendant in order to convict. However, you may consider evidence of motive or lack of motive as a circumstance in the case.

*(fn. cont...)*

direct appeal that the trial court erred in giving jury instruction number 10. Petitioner raised these grounds in his initial proper-person post-conviction habeas corpus petition filed in the state district court. Exh. 83, at 7c, 7g (ECF No. 30). However, petitioner did not raise these issues in the fast-track statement on appeal from the denial of that petition. See Exh. 115 (ECF No. 32-21). Grounds 2(C) and 3(A) are unexhausted.

Petitioner argues unpersuasively that respondents are deceptively stating that petitioner has a means of relief reasonably still available in the state courts, and that once petitioner returns to state court, respondents would then argue that the state habeas corpus petition would be barred under state law. See Russell v. Rolfs, 893 F.2d 1033, 1097 (9th Cir. 1990). The court disagrees. Respondents made no such statements in their motion to dismiss, and they have clearly stated in their reply that petitioner faces procedural bars for timeliness and successiveness under Nev. Rev. Stat. §§ 34.726 and 34.810. Respondents have not tried to deceive the court. Furthermore, even if respondents and petitioner said nothing about potential state-law procedural bars before the court entered this order, the court still was aware of these state-law procedural bars before respondents filed their motion to dismiss.

The court also does not agree with petitioner that the court should consider the unexhausted claims to be exhausted but procedurally defaulted because the state courts would apply Nev. Rev. Stat. §§ 34.726 and 34.810. Sections 34.726 and 34.810 contain exceptions for showing cause and prejudice. State-court standards and federal-court standards for showing cause and prejudice are virtually identical, with one difference. *See Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).

That one difference concerns procedurally defaulted claims of ineffective assistance of trial counsel and on direct appeal. In Nevada, claims of ineffective assistance of counsel generally must be raised in a post-conviction habeas corpus

---

*(…fn. cont.)*
Exh. 51 (ECF No. 28, at 12). Petitioner argues that the instruction was erroneous because motive was not an issue or circumstance in the case, nor was it an element of the crimes charged.

petition, with exceptions not applicable to petitioner's case. *See Gibbons v. State*, 634 P.2d 1214, 1216 (Nev. 1981).

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller–El v. Cockrell,* 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

*Martinez v. Ryan*, 132 S. Ct. 1309, 1318-19 (2012). The court of appeals has extended the rule in *Martinez* to procedurally defaulted claims of ineffective assistance of counsel on direct appeal. *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). The rule of *Martinez* is equitable, not constitutional. The Nevada Supreme Court has declined to follow *Martinez*, and it does not allow ineffective assistance of post-conviction counsel to excuse the procedural bars of § 34.726 and § 34.810. *Brown v. McDaniel*, 331 P.3d 867, 870-75 (Nev. 2014).

The unexhausted grounds all are claims of ineffective assistance of trial counsel or ineffective assistance of appellate counsel. If petitioner returned to state court, the bars of Nev. Rev. Stat. §§ 34.726 and 34.810 would apply to a new post-conviction habeas corpus petition. If petitioner argued that ineffective assistance of counsel during the initial state habeas corpus proceedings in the district court provided cause to excuse the procedural bars, he almost certainly would not succeed because the Nevada Supreme Court already has declined to follow *Martinez*.[2] If *Martinez* is the only argument that petitioner has for cause to excuse the operation of §§ 34.726 and 34.810,

///

---

[2] The Court is not entirely sure because there have been consistent dissents to the decision not to follow *Martinez*, starting with *Brown v. McDaniel* itself. However, the Court does not consider the potential that the Nevada Supreme Court might overrule *Brown* to be a reasonably available state-court remedy for petitioner.

5

then the court would rule that petitioner has no available state-court remedies under 28 U.S.C. § 2254(b)(1)(B).

However, if petitioner has arguments for cause and prejudice besides *Martinez*, then the court cannot state that the Nevada Supreme Court would reject them. Again, other than *Martinez*, Nevada's standards and federal standards for showing cause and prejudice are virtually identical. *Robinson*, 360 F.3d at 1052 n.3.

Additionally, a petitioner can bypass a procedural default by demonstrating actual innocence. "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). Nevada courts follow the same rule for state-law procedural bars. E.g., *Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006); *Mazzan v. Warden*, 921 P.2d 920, 922 (Nev. 1996). The court does not know whether petitioner has any arguments and evidence to support a claim of actual innocence, and the court cannot state that the Nevada Supreme Court would reject those arguments.

The court will not hold that exhaustion is excused for grounds 2(C), 2(D), 3(A), and 3(B) in the absence of an unequivocal stipulation by petitioner that these claims in fact would be denied as untimely or successive if he returned to state court to present the claims. Any holding of exhaustion on this basis further will be subject to respondents' ability to then move to dismiss the claims on the basis of procedural default. *See Morrison v. Mahoney*, 399 F.3d 1042, 1045-47 (9th Cir. 2005) (respondents do not waive affirmative defense of procedural default by not raising it in initial motion to dismiss).

Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under current Nevada state post-conviction procedure, must include concessions that: (1) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice to the

satisfaction of the state courts to overcome these procedural bars, with the exception of an argument under *Martinez*; (2) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome these procedural bars; and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence. *Cf. Casey v. Moore*, 386 F.3d 896, 919-21 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005) (ground exhausted because of state-law procedural bar is also procedurally defaulted in federal court).

In the absence of such concessions, the Court will not hold that there is no possibility that the unexhausted claims in grounds 2(C), 2(D), 3(A), and 3(B) would not be considered by the state courts in Nevada.

Respondents argue that the Court should dismiss ground 1 because it is a claim of a violation of state law. In ground 1, petitioner claims that the failure of the trial court to give a limiting instruction on the introduction of prior-bad-act evidence was prejudicial. The Court agrees with petitioner that he has framed it as an issue of federal law. Whether the Supreme Court of the United States has clearly established what federal law is a question on the merits that respondents will need to address in an answer.

The first amended petition (ECF No. 20) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

It is therefore ordered that respondents' motion to dismiss (ECF No. 36) is granted in part. Grounds 2(C), 2(D), 3(A), and 3(B) are unexhausted.

It is further ordered that petitioner will have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for

partial dismissal of grounds 2(C), 2(D), 3(A), and 3(B), or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 27th day of June 2016.

                                  MIRANDA M. DU
                                  UNITED STATES DISTRICT JUDGE