UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

REGINALD FRANKLIN,

Petitioner,

v.

ROBERT LEGRAND, *et al.*,

Respondents.

Case No. 3:13-cv-00613-MMD-WGC

ORDER

**I.  SUMMARY**

Before the Court are the first amended petition for writ of habeas corpus (ECF No. 20), Respondents' renewed motion to dismiss (ECF No. 54), Petitioner's opposition (ECF No. 57), and Respondents' reply (ECF No. 60). The Court finds that Petitioner has procedurally defaulted grounds 2(C), 2(D), 3(A), and 3(B). The Court also finds that Petitioner has not shown cause and prejudice to excuse the procedural default. Accordingly, the Court grants the motion to dismiss.

**II.  BACKGROUND**

After a jury trial in state district court, Petitioner was convicted of five counts of lewdness with a child under the age of 14. (Ex. 53 (ECF No. 28-2) (second amended information); Ex. 56 (ECF No. 28-6) (judgment of conviction).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Ex. 80 (ECF No. 29-5).)

Petitioner then filed a proper-person post-conviction habeas corpus petition in the state district court. (Ex. 83 (ECF No. 30).) The state district court appointed counsel, who filed a supplement to the petition. (Ex. 99 (ECF No. 32-5).) The state district court denied

the petition. (Ex. 106 (ECF No. 32-12).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Ex. 117 (ECF No. 32-23).)

Petitioner then commenced this action. The Court appointed counsel, who filed the first amended petition (ECF No. 20). Respondents filed their first motion to dismiss (ECF No. 36). The Court found that Petitioner had not exhausted grounds 2(C), 2(D), 3(A), and 3(B) (ECF No. 43). The Court stayed the action while Petitioner exhausted those grounds in state court (ECF No. 46).

Petitioner filed another post-conviction habeas corpus petition in the state district court. (Ex. 13 (ECF No. 50-1).[1]) The state district court dismissed the petition. (Ex. 15 (ECF No. 50-4).) Petitioner appealed. The Nevada Court of Appeals affirmed. (Ex. 18 (ECF No. 50-7).[2]) It held that the petition was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810(2), and that petitioner had not shown good cause to excuse those procedural bars. Id.

Petitioner then moved to reopen this action (ECF No. 49). The court granted the motion. Respondents then filed their renewed motion to dismiss (ECF No. 54).

### III. LEGAL STANDARD

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

---

[1] The numbering of exhibits in ECF No. 50 is odd. In support of his first amended petition (ECF No. 20), Petitioner filed a set of exhibits numbered 1 through 118 (ECF Nos. 21-32). Then, in support of his motion to reopen case (ECF No. 49), Petitioner filed another set of exhibits (ECF No. 50). However, the new exhibits do not continue the existing numbering sequence (i.e., resuming with exhibit 119). Instead, Petitioner numbered the new exhibits as 13, 13.1, and 14 through 19 (ECF Nos. 50-1 to 50-8). Now Petitioner has two sets of distinct exhibits numbered 13 through 19, with exhibit 13.1 in the new set being unique. This will be confusing because original exhibits 13 and 14, which are the transcript of the hearing and the written order on the prosecution's motion to admit evidence of other acts, are important to this order. The Court will refer to both the ECF number and the exhibit number to avoid confusion.

[2] This exhibit is truncated after the first page of the order of the Nevada Court of Appeals.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id*. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003) (NRS § 34.810); *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir. 2000) (NRS § 34.726); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996) (same).

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

*Martinez v. Ryan*, 566 U.S. 1, 14 (2012). The Court then re-stated *Martinez* as a four-part test:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

## IV.  DISCUSSION

Respondents argue that grounds 2(C), 2(D), 3(A), and 3(B) are procedurally defaulted. Petitioner responds that he can show cause to excuse the defaults under *Martinez*. Petitioner presents no other arguments for cause and prejudice.

///

*Martinez* does not apply to grounds 3(A) and 3(B) because they are procedurally defaulted claims of ineffective assistance of appellate counsel, not trial counsel. *Davila v. Davis*, 137 S. Ct. 2058 (2017). Petitioner recognizes this and maintains the argument to preserve it. (ECF No. 57 at 11.) The Court will dismiss grounds 3(A) and 3(B).

*Martinez* does not apply to ground 2(C) because of the way it was procedurally defaulted. Petitioner raised the same claim in his first state post-conviction habeas corpus petition. (Ex. 83 at 7g (ECF No. 30 at 16).) On appeal from the denial of that petition, Petitioner did not raise the claim. (*See* Ex. 115 (ECF No. 32-21).) For that reason, Petitioner had not exhausted, and now has procedurally defaulted, ground 2(C). *Martinez* does not apply to a procedurally defaulted claim of ineffective assistance of trial counsel when the procedural default occurred because the Petitioner did not raise the claim on post-conviction appeal. 566 U.S. at 14. The Court will dismiss ground 2(C).

Ground 2(D) is a claim that Petitioner received ineffective assistance because trial counsel did not object to the introduction of prior-bad-act evidence. Petitioner had not exhausted this claim because he had not presented it to any state court in any form before he raised it in the first amended petition. Ground 2(D) now is procedurally defaulted. *Martinez* is applicable to ground 2(D).

Before trial, the prosecution filed a motion to admit evidence of other acts. (Ex. 7 (ECF Nos. 22-3, 22-4).) Petitioner, through trial counsel, filed an opposition. (Ex. 11 (ECF No. 23-2).) The opposition contained arguments why the trial court should deny the prosecution's motion; it was more than *pro forma*. (*Id.* (ECF No. 23-2).) Trial counsel then argued at a hearing why the trial court should deny the prosecution's motion. (Ex. 13 at 10-14 (ECF No. 23-4 at 11-15).) The trial court agreed with Petitioner's trial counsel and denied the prosecution's motion. (Ex. 13 at 14-15 (ECF No. 23-4 at 15-16); Ex. 14 (ECF No. 23-5).[3]) The prosecution then filed a petition for a writ of mandamus in the Nevada
///

---

[3] Again, these exhibits 13 and 14 are different from the exhibits 13 and 14 that Petitioner filed in support of his motion to reopen.

1 Supreme Court. (Ex. 75 (ECF No. 29 at 7-12).[4]) Petitioner, through trial counsel, filed an
2 answer to the petition. (Ex. 75 (ECF No. 29 at 14-18).) The Nevada Supreme Court
3 granted the petition with respect to Petitioner's other criminal acts. (Ex. 75 (ECF No. 29 at
4 19-23).[5]) It directed the trial court to allow the prosecution to introduce evidence of
5 Petitioner's other criminal acts. (*Id.* (ECF No. 29 at 22-23).) At trial, when the prosecution
6 called the witness whose testimony was the evidence of those other criminal acts, trial
7 counsel did not object. (Ex. 50 at 140-41 (ECF No. 27-1 at 8).)

Petitioner has not shown cause under *Martinez* because he has not demonstrated that ground 2(D) is a substantial claim of ineffective assistance of counsel. Trial counsel fully litigated the admissibility of Petitioner's other criminal acts, but to an unfavorable conclusion. If Petitioner believes that trial counsel failed to make an argument during that litigation, then he does not allege now what that argument was. It simply is untrue that trial counsel failed to object to the admission of the other criminal acts, unless Petitioner means that trial counsel should have lodged a formal objection at trial. If Petitioner believes that trial counsel should have lodged a formal objection at trial, then he cannot demonstrate a reasonable probability of a different outcome. The trial court would have overruled the objection based upon the Nevada Supreme Court's order. If Petitioner believes that an objection at trial would have preserved the issue for appeal, then he still cannot demonstrate a reasonable probability of a different outcome. The Nevada Supreme Court already had decided the issue. On direct appeal, it simply would have held that the prior decision was the law of the case. Given the record, the Court sees no way that ground 2(D) could be a substantial claim of ineffective assistance of trial counsel. The Court therefore dismisses ground 2(D).

///

///

---

[4]Exhibit 75 is the appendix filed on direct appeal. It contains only excerpts of the prosecution's petition for a writ of mandamus and Petitioner's answer to that petition.

[5]The Nevada Supreme Court denied the mandamus petition in part with respect to other issues that are not relevant to ground 2(D).

## V. CONCLUSION

It is therefore ordered that Respondents' renewed motion to dismiss (ECF No. 54) is granted. The Court dismisses grounds 2(C), 2(D), 3(A), and 3(B) because they are procedurally defaulted.

It is further ordered that Respondents will have 45 days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have 45 days from the date on which the answer is served to file a reply.

DATED THIS 21st day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE